**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | No. 23-14 |
| ) | |
| v. ) | Filed: January 13, 2023 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On January 4, 2023, Plaintiff Cedric Greene, proceeding *pro se*, filed a Complaint in this Court. *See* Pl.'s Compl., ECF No. 1. Plaintiff alleges that the United States District Court for the Eastern District of California sent him mail that referred to him as a "Vexatious Litigant" on the front of the envelope. *Id.* at 2; Ex. 1 to Pl.'s Compl. at 1–2, ECF No. 1-1. Plaintiff alleges that such action violates the First Amendment of the United States Constitution. ECF No. 1 at 1. Plaintiff seeks unspecified "civil damages" as redress. *Id.* at 3. Plaintiff also filed an Application to Proceed *In Forma Pauperis* ("IFP Application"). Pl.'s Appl. to Proceed *In Forma Pauperis*, ECF No. 2.

A plaintiff, even when proceeding *pro se*, must demonstrate that the Court has jurisdiction over his claim. *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). This Court has jurisdiction under the Tucker Act to adjudicate claims for monetary relief against the United States other than those sounding in tort. 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act, however, does not create a substantive cause of action, and

"in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Plaintiff's Complaint identifies the First Amendment as the substantive source of law underlying his claim. ECF No. 1 at 1. However, "[t]his court does not have jurisdiction over . . . claims for violations of the First Amendment because the First Amendment does not obligate the Federal Government to pay money damages." *Madison v. United States*, 98 Fed. Cl. 393, 396 (2011) (citing *United States v. Connolly*, 716 F.2d 882, 886–87 (Fed. Cir. 1983)). Accordingly, the Court lacks jurisdiction over Plaintiff's constitutional claim. To the extent Plaintiff's allegations are better construed as asserting a slander claim, *see* ECF No. 1 at 2, such claim is a tort. It is well-settled that the Court lacks jurisdiction over tort claims as well. *See Wall v. United States*, 141 Fed. Cl. 585, 598 (2019) (collecting cases); *see also Aldridge v. United States*, 67 Fed. Cl. 113, 120 (2005) ("Allegations involving slander sound in tort, and, therefore, this court does not have jurisdiction over the plaintiff's slander claim.").

Because the Court lacks subject-matter jurisdiction over Plaintiff's claims, the Court **DISMISSES** Plaintiff's case. The Clerk of Court is directed to enter judgment accordingly. The Court **GRANTS** Plaintiff's IFP Application (ECF No. 2) for the limited purpose of this order.

**SO ORDERED**.

Dated: January 13, 2023                         */s/ Kathryn C. Davis*
                                                KATHRYN C. DAVIS
                                                Judge